**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA**

**vs.**                                                        **Case No. 4:99cr38-RH**
                                                                   **Case No. 4:10cv257-RH/CAS**


**LATITUS D. SMITH,**

                **Defendant.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2255 MOTION

        Before the Court is a motion to vacate, set-aside, or correct sentence pursuant to

28 U.S.C. § 2255, and a supporting memorandum filed by Defendant Latitus D. Smith,

proceeding pro se.  Docs. 65 (motion), 66 (memorandum).  The Government has filed a

response in opposition to the motion.  Doc. 69.  Defendant has filed a supplemental

memorandum as well as a reply to the Government's response.  Docs. 70

(supplemental memorandum), 71 (reply).

        The matter was referred to the undersigned United States Magistrate Judge for

report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of

Florida Local Rule 72.2(B).  After reviewing the record, the undersigned concludes no

evidentiary hearing is required and the § 2255 motion should be denied. *See* 28

U.S.C.§ 2255 (providing that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon").

## Background and Procedural History

In the underlying criminal case, number 4:99-cr-38/RH, Defendant entered a guilty plea to two counts, in connection with events that concluded on March 12, 1999: (1) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a); and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Doc. 28.  Defendant reserved the right to appeal the Court's denial of his motion to suppress.  *See* Doc. 51.  In an August 1999 hearing before Judge Robert Hinkle, the Court accepted the plea and scheduled sentencing for October 29, 1999.  Doc. 23.  A pre-sentence investigation report (PSR) was completed and filed.  *See* Doc. 24. Defendant filed objections to the PSR.  Doc. 25.

In a judgment rendered November 4, 1999, the Court sentenced Defendant to 192 months on each count, with the terms to run concurrently, to be followed by three (3) years of supervised release on Count 1 and five (5) years of supervised release on Count 2, with those terms to run concurrently with each other.  Doc. 28 at 2-3.  The Court found the following Guideline Range:

Total Offense Level: 31

Criminal History Category: VI

Imprisonment Range: 188 to 235 months

Supervised Release Range: 3 to 5 years

Doc. 28 at 7. The Court indicated, "This sentence, which falls at the lower end of the guideline imprisonment range, is imposed in view of the nature and extent of the defendant's prior criminal history." *Id*.

Defendant appealed to the Eleventh Circuit Court of Appeals, challenging the denial of his motion to suppress. Docs. 29, 51. In an opinion dated November 21, 2000, the Eleventh Circuit affirmed:

> Latitus Smith pleaded guilty to drug and firearm charges, reserving his right to appeal the district court's denial of his motion to suppress. He now appals from that denial.
>
> We have considered the briefs and relevant portions of the record and conclude that Smith's arguments that the district court erred in denying his motion to suppress are meritless. The trial court's finding that the search (or searches, as the case may be) did not exceed the scope of Smith's consent is not clearly erroneous. Thus, any searches were not unreasonable.

Doc. 51.

On June 11, 2010, Defendant, proceeding pro se, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, with a supporting memorandum. Docs. 65 (motion), 66 (memorandum). In his § 2255 motion, Defendant raises four grounds:

> (1) Defendant's two batteries violate <u>Johnson v. United States</u>, 559 U.S. 133, 130 S.Ct. 1265 (2010). Doc. 65 at 4. Defendant asserts his sentence as an Armed Career Criminal is unconstitutional and improper pursuant to <u>Johnson</u>, because his two battery convictions do not qualify as Florida state priors for sentence enhancement under 18 U.S.C. § 924(e). *Id*.
>
> (2) Defendant's two battery convictions violate his Fifth, Sixth, and Eighth Amendment rights. Doc. 65 at 5. Defendant asserts his armed career offender status "is a violation of his due process right to a fair sentence; a

violation of his Sixth Amendment right to an impartial sentence and a violation to be incarcerated on cruel and unusual punishment of a sentence that does not apply to him as an armed career offender." *Id*.

(3) Defendant is actually innocent of being an armed career offender. Doc. 65 at 7. Defendant asserts actual innocence based on <u>United States v. Johnson</u> and his Fifth, Sixth, and Eighth Amendment rights not to be incarcerated based on a law that does not apply to him. *Id*.

(4) Defendant asserts this Court has jurisdiction to consider this case, pursuant to 28 U.S.C. § 2255(f)(3)-(4). Doc. 65 at 8.

Defendant's Ground 4 does not actually assert a claim and will not be further addressed. This Court does have jurisdiction to consider Defendant's motion.

## <u>Analysis</u>

Grounds 1, 2, and 3 of Defendant's motion claim he should not have been sentenced as an armed career criminal because he did not have the requisite prior violent crime convictions. Specifically, Defendant asserts, based on the <u>Johnson</u> decision, his two prior battery convictions do not qualify as violent crimes for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). As explained below, Defendant's arguments should be rejected.

As an initial matter, the Court notes that the Government has not challenged the timeliness or appropriateness of this § 2255 motion. In addition, although also not raised by the Government, Smith's sentencing claim appears procedurally defaulted. *See, e.g.,* <u>McKay v. United States</u>, 657 F.3d 1190 (11th Cir. 2011). "Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" *Id*. (quoting <u>Lynn v. United States</u>, 365

F.3d 1225, 1234 (11th Cir. 2004)).  As indicated above, in his direct appeal, Defendant challenged the denial of his motion to suppress.  *See* Doc. 51.  Nothing indicates he challenged his sentence, however.  *See id.*  Therefore, the challenge he now raises to his sentence appears procedurally defaulted.  Nevertheless, because the Government appears to have waived this defense, the Court will address each of his grounds individually.  *See, e.g.*, Torzala v. United States, 545 F.3d 517, 522 (7th Cir. 2008) ("Because the government did not assert procedural default as a defense in this action but instead chose to respond on the merits, . . . the government has waived the procedural default."); Howard v. United States, 374 F.3d 1068, 1070 (11th Cir. 2004) ("We also believe that he procedurally defaulted his claim by not raising it at his sentencing proceeding where the error occurred, but the government procedurally defaulted Howard's procedural default by failing to raise this affirmative defense in the district court."); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) ("In this case, we need not decide whether it would be appropriate to require Jordan to demonstrate 'cause and prejudice' because the government did not assert in the district court that Jordan's failure to present his claim on direct appeal should bar consideration of the merits.").  *But see* Esslinger v. Davis, 44 F.3d 1515, 1524 (11th Cir. 1995) (explaining that in habeas corpus case "circumstances may counsel that the district court raise *sua sponte* a procedural bar to relief that the state has 'waived'"); Beasley v. United States, Nos. CV610-066/CR607-008, 2010 WL 4777535, at *1 n.3 (S.D. Ga. Oct. 28, 2010) (noting government did not raise affirmative defense of procedural

default, but "[n]evertheless, the Court is authorized to raise the issue *sua sponte*" in habeas proceeding).

## Ground 1: Applicability of Johnson

In Ground 1, Defendant asserts his sentence as an Armed Career Criminal is unconstitutional and improper pursuant to Johnson, because his two battery convictions do not qualify as Florida state priors for sentence enhancement under ACCA. § 924(e). Doc. 65 at 4. In his supporting memorandum, Defendant explains that two of his prior offenses, used to enhance his sentence to armed career criminal status, were "a 1989 aggravated battery, and another aggravated battery in December of 1989." Doc. 66 at 1. Defendant asserts these prior convictions "do not constitute 'crimes of violence' as articulated by the Supreme Court in Johnson since there is no support for a finding that the prior offenses involved a 'violent force' i.e., force capable of causing physical pain or injury to another person." *Id*. at 2. Defendant asserts these prior offenses were "inappropriately considered to be crimes of violence." *Id*. at 3.

In its response, the Government points out that Defendant's prior convictions at issue were for aggravated battery. Doc. 69 at 2; *see* Doc. 24 (PSR). The Government further points out that, in the Florida Statutes, the definition for aggravated battery differs from that for battery, which the Johnson opinion addressed. Doc. 69 at 2-3.

In his reply, Defendant argues he should not have been declared an Armed Career Criminal based on his two prior aggravated batteries. Doc. 71 at 2. Defendant asserts he pled nolo contendere to those prior offenses, and "received one year for each offense, which was probation and withheld adjudication of that probation withheld

until the completion of his one year probation for each offense until completed." *Id*.

Defendant states he completed one year of probation for each offense. *Id*. He states

he did not receive a felony sentence, "nor a felony conviction in the second degree for

either of the two aggravated batteries." He states he "pled Nolo Contendere,

adjudication withheld, and one year probation of community control for each aggravated

battery." *Id*. He argues Johnson applies here because he did not commit any

intentional or deliberate violence. *Id*. He states he "pled guilty to a lesser offense for

both aggravated batteries, and not the original charge of Section 784.045." *Id*. That he

did not receive a felony punishment and was given one year of probation for each

aggravated battery offense "is indicative of its less serious nature of intentional

violence, as gauged by the Florida Legislature." *Id*. at 3.

As the Government asserts, the reasoning in the Johnson case does not apply to

this case. Johnson involved prior convictions for battery, whereas this case concerns

prior convictions for aggravated battery. *Compare* Fla. Stat. § 784.045 (Supp. 1988)

(aggravated battery) *with* Fla. Stat. § 784.03 (2002) (battery; felony battery). In

particular, the battery statute involved in Johnson provided:

**784.03 Battery; felony battery.--**

(1)(a) The offense of battery occurs when a person:

      1.  Actually and intentionally touches or strikes another person
against the will of the other; or

      2.  Intentionally causes bodily harm to another person.

> (b) Except as provided in subsection (2), a person who commits battery commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or 775.083.
>
> (2) A person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree, punishable as provided in s. 775.082, x. 775.083, or s. 775.084. For purposes of this subsection, "conviction" means a determination of guilty that is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered.

Fla. Stat. § 784.03 (2002). In <u>Johnson</u>, the U.S. Supreme Court addressed "whether a felony conviction for battery under Fla. Stat. § 784.03(2) meets the definition of 'violent felony' in 18 U.S.C. § 924(e)(2)(B)(i)." <u>Johnson</u>, 130 S.Ct. at 1270. In doing so, the Court considered "whether the term 'force' in 18 U.S.C. § 924(e)(2)(B)(i) has the specialized meaning that it bore in the common-law definition of battery" and concluded that it did not: "We think it clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force – that is force capable of causing physical pain or injury to another person." *Id*. The Court concluded that Johnson's prior conviction for simple battery, for which "the element of 'actually and intentionally touching' under Florida's battery law is satisfied by *any* intentional physical contact, 'no matter how slight,'" did not constitute a "violent felony" for purposes of sentencing under ACCA. <u>Johnson</u>, 130 S.Ct. at 1269-70 (quoting <u>State of Fla. v. Hearns</u>, 961 So. 2d 211, 218 (Fla. 2007)).

In contrast, Smith's prior offenses at issue were for *aggravated* batteries, which occurred on or about May 8, 1989, and December 29, 1989. Doc. 24 at 7-8. Accordingly, the applicable aggravated battery statute provides:

**784.045 Aggravated battery.**--

(1)(a) A person commits aggravated battery who, in committing battery:

    1.  Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or

    2.  Uses a deadly weapon.

  (b) A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.

(2) Whoever commits aggravated battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 784.045 (Supp. 1988); *see* Fla. Stat. § 784.045 (1989) (same).  The PSR indicates that both victims were male; thus, subsection (1)(a) is the applicable provision here.  *See* Doc. 24.  (Although Smith raised objections to the PSR, no objections addressed the identity of the victims.  *See* Doc. 25.)

Under subsection (1)(a), there are two potential bases for Smith's conviction, one of which involves the intentional or knowing causation of great bodily harm and the other of which involves the use of a deadly weapon.  *See* <u>Turner v. Warden Coleman FCI</u>, 2013 WL 646089 (11th Cir. Feb. 22, 2013).  "Either way, the crime 'has as an element the use, attempted use, or threatened use of physical force,' § 924(e)(2)(B)(i), indeed, 'violent force – that is, force capable of causing physical pain or injury to another person.'" <u>Turner</u>, at *11 (quoting <u>Johnson</u>, 130 S.Ct. at 1271).  Therefore, Smith's prior convictions for aggravated battery qualify as violent felonies for purposes of ACCA.  *See id.*; *see also* <u>Brown v. U.S.</u>, 384 F. App'x 53 (3d Cir. 2010) (affirming

dismissal of § 2241 petition and rejecting argument based on <u>Johnson</u> that sentence was improperly enhanced: "Brown's sentence, however, was enhanced based on his prior conviction for aggravated battery under Fla. Stat. § 783.045, not simple battery under Fla. Stat. § 784.03. Thus, his reliance on <u>Johnson</u> is misplaced."); <u>United States v. Santiago</u>, 601 F.3d 1241, 1247 (11th Cir. 2010) ("Looking to Florida law in the appropriate enhancement context, Santiago's guilty plea followed by a sentence of probation and a withholding of adjudication on the 2001 Florida offense constitutes a conviction for the purpose of enhancing his sentence under the ACCA."). This ground should be denied.

<u>Ground 2</u>: **Violation of Fifth, Sixth, and Eighth Amendments**

In Ground 2, Defendant asserts that his status as an armed career offender constitutes "a violation of his due process right to a fair sentence; a violation of his Sixth Amendment right to an impartial sentence and a violation to be incarcerated on cruel and unusual punishment of a sentence that does not apply to him as an armed career criminal." Doc. 65 at 5. In his memorandum, Defendant asserts that, pursuant to <u>Johnson</u>, "the Florida felony offense of battery by actually and intentionally touching another does not have as an element the use of physical force against the person of another . . . and thus does not constitute a 'violent felony' under § 924(e)(1)." Doc. 66 at 3. Defendant references two paragraphs, 29 and 30, of his PSR, for his prior offenses in 89-617-CFA and 89-1038-CF-A. *Id*.; *see* Doc. 24 at 7-8.

In its response, Government states Defendant entered guilty pleas before Judge Hinkle and Defendant does not assert any defect in that proceeding, during which

Defendant was represented by counsel.  Doc. 69 at 4.  The Government further states

Defendant's sentence of 192 months falls within the maximum allowed under the law

and he was properly sentenced under ACCA.  *Id.*  Defendant's Fifth, Sixth, and Eight

Amendment rights were not violated.

In a supplemental memorandum, and in his reply, Defendant points out that he

"objected to aggravated battery" at sentencing.  Docs. 70, 71 at 4-5; *see* Doc. 25

(Defendant's Objections to PSR).  Defendant asserts that, with the prior offenses, he

did not plead guilty "to any first, nor second degree aggravated batteries, nor did . . .

[he] plead to any deliberate or intentional violence."  Doc. 71 at 5.

In this Ground, Defendant continues to make the erroneous argument, relying on

<u>Johnson</u>, that because his prior offenses were batteries, his sentence was improperly

enhanced as an armed career criminal.  As explained in the analysis of Ground 1,

*supra*, however, because Defendant's prior convictions were aggravated batteries, the

<u>Johnson</u> case is distinguishable.  *See* Doc. 24 at 7-8.

Further, as the Government points out, Defendant entered a guilty plea to the

federal indictment in this case.  *See* Doc. 69 at 4; *see also* Doc. 1 (indictment), Doc. 21

(plea agreement), Doc. 22 (criminal minutes - arraignment and plea).  That indictment

specifically listed Defendant's prior state convictions for aggravated battery:

**COUNT TWO**

That on or about March 12, 1999, in the Northern District of Florida,
the defendant,

**LATITUS D. SMITH**

having been previously convicted of crimes punishable by a terms [sic] of imprisonment exceeding one year, did knowingly possess a firearm in and affecting interstate commerce, that is,

    1.  a.  on or about September 20, 1989, **LATITUS D. SMITH** was convicted in the State of Florida of the offense of possession of cocaine;

        b.  on or about September 20, 1989, **LATITUS D. SMITH** was convicted in the State of Florida of the offense of *aggravated battery*;

        c.  on or about December 20, 1989, **LATITUS D. SMITH** was convicted in the State of Florida of the offense of *aggravated battery*;

        d.  on or about January 13, 1994, **LATITUS D. SMITH** was convicted in the State of Florida of the offense of conspiracy to traffic cocaine;

    2.  for each of these crimes, **LATITUS D. SMITH** was subject to punishment by a term of imprisonment exceeding one year;

    3.  thereafter, **LATITUS D. SMITH** did knowingly possess a firearm, a North American Arms .22 short caliber five-shot mini-revolver;

    4.  this firearm had previously been transported in interstate commerce; and all this was done in violation of Title 18, United States Code, Sections 922(g) and 924(e).

Doc. 1 at 1-2 (emphasis added).  Defendant entered a guilty plea to this count.  Doc. 21 at 2; Doc. 22.  The written plea includes a statement of facts, which provides in pertinent part: "At the time of the discovery of the firearm, Smith was a convicted felon as charged in Count Two of the indictment."  Doc. 21 at 5.  Defendant acknowledged the sentencing court "will make the final determinations of facts as to any sentence and as to any mitigating or aggravating factors concerning the proper sentence to be imposed."  *Id*. at 6.  The written plea further provided that "[a]dverse rulings shall not be grounds for withdrawal of defendant's plea."  *Id*.  As referenced above, Defendant

specifically reserved the right to appeal the denial of his motion to suppress.  *Id*. at 7.

The criminal minutes from Defendant's arraignment and plea reflect that he entered the

guilty plea, the written plea agreement was filed with the incorporated statement of

facts, the plea was accepted, and the Court adjudicated Defendant guilty on both

counts.  Doc. 22.

Based on the foregoing, this ground lacks merit and should be denied.

<u>Ground 3</u>: Actual, Factual, and Legal Innocence

In Ground 3, Defendant alleges he is actually innocent of being an armed career

offender.  Doc. 65 at 7.  Defendant asserts his "actual innocence is based on <u>United</u>

<u>States v. Johnson</u> and his Fifth, Sixth and Eighth Amendment rights not to be

incarcerated based on a law and USSG § 4B1.4 that does not apply to him at all."  *Id*.

In his memorandum, Defendant asserts he is "Factually, Actually, and Legally Innocent

of being a Arm Career Offender or a Career Offender based on two prior state of

Florida predicates."  Doc. 66 at 4.  Defendant further asserts his possession of a

weapon is also a non-violent offense pursuant to <u>Begay v. United States</u>, 553 U.S. 137

(2008).  Doc. 66 at 4.  Finally, Defendant asserts he is actually innocent "because the

court relied on Florida State improper documentation."  *Id*. at 5.

In response, the Government points out that Defendant's argument is again

based on Defendant's assertion that <u>Johnson</u> applies to his case.  Doc. 69 at 4.

<u>Johnson</u> does not apply here.  *Id*.  Florida's aggravated battery statute includes the

violent force required by 18 U.S.C. § 924(e), because the Florida statute requires the

act to cause great bodily harm, permanent disability or disfigurement; or use of a deadly weapon; or battery upon a pregnant victim. *Id*.

In his reply, Defendant again asserts that he is "Actually, Factually, and Legally innocent" of being an Armed Career Criminal. Doc. 71 at 7. Defendant asserts that because the Government never produced the proper state plea agreements, hearing transcripts, and/or sentencing transcripts to verify that Defendant met the requirements for an ACCA sentence, Defendant is actually, factually, and legally innocent of being an Armed Career Criminal. Doc. 71 at 5-6. Defendant asserts, "The presentence report also states that the government did not even have the proper <u>Taylor v. United States</u>, 495 U.S. 575, material in which to enhance [Defendant's sentence] to Armed Career Offender status for the two priors." *Id*. at 5. Defendant also states, "In the governments response it admits that it does not have the proper <u>United States v. Shepard</u>, 544 U.S. 13, (2005) material, in which to have enhanced" Defendant's sentence. *Id*. Defendant asserts the Court enhanced his sentence "in violation of his Fifth Amendment right to notice of the State's priors and in violation of [ACCA]" because "they never had the <u>Taylor</u> and/or <u>Shepard</u> documentation." *Id*. at 6.

To the extent Defendant's argument in this ground again asserts the applicability of <u>Johnson</u>, that argument should again be rejected, for the reasons set forth above. Similarly, to the extent Defendant argues he is actually innocent of being an Armed Career Criminal in light of <u>Johnson</u>, that argument should also be rejected.

Defendant also argues, in his supporting memorandum, that his possession of a weapon is a non-violent offense under <u>Begay</u> and, therefore, he is "actually innocent of

being a armed or career offender, for a weapon in his possession as being violent."

Doc. 66 at 4. Defendant's point here is not clear. The prior offenses he has challenged

in his § 2255 motion were for aggravated battery, not carrying a concealed weapon, the

offense at issue, not in Begay, but in United States v. Archer, 531 F.3d 1347 (11th Cir.

2008). *See* Begay, 553 U.S. at 148 (holding that driving under influence of alcohol is

not "violent felony" under ACCA); Archer, 531 F.3d at 1352 (applying Begay analysis

and concluding that carrying concealed weapon "may no longer be considered a crime

of violence under the Sentencing Guidelines"). To the extent Defendant is challenging

another of his prior offenses, none appear to have been for carrying a concealed

weapon; thus, it does not appear that Defendant's sentence was enhanced based on

such a conviction. *See* Doc. 25 at 6-9.

As Defendant indicates, he did raise objections to the PSR. Doc. 25. In

particular, Defendant "dispute[d] that he was convicted twice for Aggravated Battery."

*Id*. at 2. Defendant asserted that because "no certified copies of the convictions has

[sic] ever been provided, the Defendant maintains this is incorrect until he is shown

certified copies of these convictions." *Id*. at 1. Defendant objected to any sentence

enhancement "as the Government has never filed a notice that the Government was

seeking to enhance the Defendant." *Id*. at 2. Defendant also maintained "he does not

qualify for enhancement as there was no aggravated assault committed during this

offense." *Id*.

After Defendant's objections, an Addendum to the Presentence Report was

prepared, dated October 21, 1999, addressing those objections. *See* Doc. 24 at 18-21.

In particular, concerning Defendant's prior convictions on two counts of aggravated

battery, the Addendum refers the Court to the plea agreement and the indictment as

well as actions of the U.S. Probation Office:

> By signing the Plea and Cooperation Agreement, both the defendant and his attorney acknowledge the existence of these two convictions. Additionally, a representative of the U.S. Probation Office personally inspected the state court files related to these two convictions in Quincy, Florida, and obtained copies of court documents confirming the defendant's convictions in these cases. It was also determined through a review of court records on file with Clerk of Court in Quincy, Florida, that case 89-1038 does exist and it reflects that Smith was convicted of aggravated battery.

*Id*. at 18; *see* Docs. 1 and 21. Concerning notice to the Defendant of the sentence

enhancement, the Addendum explains:

> Chapter 4 enhancements under the Guidelines do not require any notice to the defendant by the government. The only required notice is that provided in the Presentence Report. In U.S. v. Cobia, 41 F.3d 1473 (11th Cir. 1995), the Appellate Court ruled that Cobia was notified of the possibility of § 924(e) in the plea agreement; at Cobia's plea hearing when the court advised Cobia that the court might be required to apply § 924(e) and impose a mandatory minimum of fifteen years imprisonment or a maximum term of life imprisonment; and again in the presentence report filed after the plea hearing. The Appellate Court further found that under those circumstances, the requirements of due process and the Federal Rules of Criminal Procedure were satisfied and the district court properly sentenced the defendant pursuant to § 924(e). The Appellate Court further found that 18 U.S.C. § 924(e) requires the district court to enhance the defendant's sentence in cases where applicable, regardless of whether the government seeks such enhancement. In this case, Smith was advised of the enhanced penalties under § 924(e) at the time of his plea hearing by way of the Plea Agreement and when the Court advised him of the minimum and maximum penalties for the counts to which he was about to plea. Smith was further advised of the enhanced penalties under § 924(e) when he received the Presentence Report.

Doc. 25 at 19-20. At the sentencing hearing on October 29, 1999, the Court adopted

the factual findings and guideline application in the PSR. *Id*. (cover sheet).

Therefore, to the extent Defendant argues the sentencing court relied on

improper documentation to enhance his sentence, as indicated above, Defendant pled

guilty to the federal charges in this case, which included, in Count 2, a listing of his prior

state felony convictions. *See* Doc. 1 (indictment), Doc. 21 (plea agreement), Doc. 22

(criminal minutes - arraignment and plea). *See also, e.g.*, United States v. Williams,

156 F. App'x 260 (11th Cir. 2005) (explaining that defendant "admitted in open court

that he had been convicted of the three offenses which triggered the § 924(e)

enhancement" and "an admission by a defendant is sufficient to support a sentencing

enhancement"). Further, the Eleventh Circuit has held that the plain language of

§ 924(e) is mandatory: "Because the statute clearly indicates that the intent of

Congress was to require mandatory enhancement, we hold that sentence enhancement

pursuant to § 924(e) should automatically be applied by the courts regardless of

whether the Government affirmatively seeks such enhancement." Cobia, 41 F.3d at

1475.

Before a defendant is sentenced pursuant to § 924(e), he must be notified of the

mandatory minimum and maximum penalty as required by Federal Rule of Criminal

Procedure 11(c)(1). Cobia, 41 F.3d at 1476. In addition, "due process requires

reasonable notice of and opportunity to be heard concerning the prior convictions." *Id*.

Here, Defendant had notice of the possible sentence by way of the plea agreement, the

plea hearing, and the PSR.  Docs. 21, 22, 24.  Defendant had notice of the prior

convictions in the indictment and the PSR.  Docs. 1, 24.

Based on the foregoing, this ground lacks merit and should be denied.

## Conclusion

Defendant's claims are unsupported by the record and lack merit.  No evidentiary

hearing is required.  *See, e.g.*, Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir.

1989).  The § 2255 motion, Doc. 65, should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he

district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b)

provides that a timely notice of appeal must still be filed, even if the court issues a

certificate of appealability.

After review of the record, the undersigned finds no substantial showing of the

denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).

Therefore, it is also recommended that the Court deny a certificate of appealability in its

final order.

The second sentence of  new Rule 11(a) provides that "[b]efore entering the final

order, the court may direct the parties to submit arguments on whether a certificate

should issue."  If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 65) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 19, 2013.


                              s/   Charles A. Stampelos
                              **CHARLES A. STAMPELOS**
                              **UNITED STATES MAGISTRATE JUDGE**


                    **NOTICE TO PARTIES**

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**